## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

DIGENE CORPORATION,

        Plaintiff,

    v.

VENTANA MEDICAL SYSTEMS, INC.
and BECKMAN COULTER, INC.,

        Defendants.

Civil Action No. 01-752-KAJ

## ANSWER OF VENTANA MEDICAL SYSTEMS, INC.
## TO THE SECOND AMENDED COMPLAINT

For its Answer to the Second Amended Complaint, defendant Ventana Medical Systems, Inc. ("Ventana") avers as follows:

1.    Admits that the Second Amended Complaint purports to state claims arising under Title 35, U.S.C., the Delaware Deceptive Trade Practices Act, the Lanham Act and state common law, that the jurisdiction of the Court purports to be invoked under 28 U.S.C. §§ 1331 and 1338(a), and that the supplemental jurisdiction of the Court purports to be invoked under 28 U.S.C. § 1367 with respect to the state law claims; and denies the remaining averments of paragraph 1.

2.    Is without sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of paragraph 2; and admits the averments in the second sentence of paragraph 2.

3.      Admits that it is a corporation organized under the laws of the State of Delaware, that it has its principal place of business in Tucson, Arizona, and that it is a publicly traded corporation; and denies the remaining averments of paragraph 3.

4.      Is without sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of paragraph 4; and admits the averments in the second sentence of paragraph 4.

5.      Admits that it is a Delaware corporation; and is without sufficient information or knowledge to form a belief as to the truth of the remaining averments of paragraph 5.

6.      Admits that a copy of U.S. Patent No. 4,849,332 ("the '332 patent") was attached to the Second Amended Complaint, that the '332 patent is entitled "Human papillomavirus 35 nucleic acid hybridization probes and methods for employing the same," that Attila T. Lorincz is identified as the named inventor on the face of the '332 patent, and that the '332 patent issued on July 18, 1989; and is without sufficient information or knowledge to form a belief as to the truth of the remaining averments of paragraph 6.

7.      Admits that a copy of U.S. Patent No. 4,849,331 ("the '331 patent") was attached to the Second Amended Complaint, that the '331 patent is entitled "Human papillomavirus 44 nucleic acid hybridization probes and methods for employing the same," that Attila T. Lorincz is identified as the named inventor on the face of the '331 patent, and that the '331 patent issued on July 18, 1989; and is without sufficient information or knowledge to form a belief as to the truth of the remaining averments of paragraph 7.

8.     Admits that Life Technologies, Inc. ("LTI") is identified as the named assignee on the face of the '332 and '331 patents; and is without sufficient information or knowledge to form a belief as to the truth of the remaining averments of paragraph 8.

9.     Is without sufficient information or knowledge to form a belief as to the truth of the averments of paragraph 9.

10.     Is without sufficient information or knowledge to form a belief as to the truth of the averments of paragraph 10.

11.     Is without sufficient information or knowledge to form a belief as to the truth of the averments of paragraph 11.

12.     Admits that Institut Pasteur ("IP") and LTI are two of the parties to a Cross-License Agreement that has an effective date of April 1, 1990, that the Cross-License Agreement grants certain license rights as stated therein, and that the Cross-License Agreement contains certain prohibitions against sublicensing as stated therein; and states that the averments characterizing the Cross-License Agreement set forth in paragraph 12 are incomplete and misleading and on that basis, denies those averments.

13.     Admits that the Cross-License Agreement contains certain prohibitions against sublicensing as stated therein; and states that the averments characterizing the Cross-License Agreement set forth in paragraph 13 are incomplete and misleading and on that basis, denies those averments.

14.     Admits that IP and Beckman Coulter, Inc. ("Beckman") are parties to an Agreement ("IP/Beckman Agreement") dated June 7, 1991 by which, *inter alia*, Beckman was granted certain sublicenses as stated therein; and states that the averments

characterizing the IP/Beckman Agreement set forth in paragraph 14 are incomplete and misleading and on that basis, denies those averments.

15.    Is without sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of paragraph 15; and denies the averments in the second sentence of paragraph 15.

16.    Admits that Beckman and Oncor, Inc. ("Oncor") entered into a Manufacturing Agreement dated January 1, 1992, and that paragraph 16 correctly quotes a portion of the language contained in the Manufacturing Agreement; and denies the remaining averments of paragraph 16.

17.    Admits that it purchased certain assets from Oncor in November 1998, including Oncor's rights and obligations under the Manufacturing Agreement; and denies the remaining averments of paragraph 17.

18.    Admits that after acquiring certain assets from Oncor, it has worked on developing an HPV product, and that following the November 1998 acquisition Ventana continued to use certain of the HPV DNA clones that Oncor received from Beckman; and denies the remaining averments of paragraph 18.

19.    States that the parties' correspondence of August 4, 1999, August 11, 1999, and November 15, 1999 speak for themselves; and states that the averments characterizing the parties' communications as set forth in paragraph 19 are incomplete and misleading and on that basis, denies those averments.

20.    Admits that in or about January 2000, and again in or about February 2001, it and Beckman amended the Manufacturing Agreement; and denies the remaining averments of paragraph 20.

21.    States that the averments characterizing the amendments to the Manufacturing Agreement set forth in paragraph 21 are incomplete and misleading and on that basis, denies those averments.

22.    States that the averments characterizing the amendments to the Manufacturing Agreement set forth in paragraph 22 are incomplete and misleading and on that basis, denies those averments.

23.    Admits that it contacted the University of Maryland to determine whether the University could manufacture certain HPV material for Beckman under Beckman's "have made" rights recited in the IP/Beckman Agreement, that it discussed with the University the price the University would charge Beckman for such manufacture, and that it discussed with Beckman whether the University could perform such manufacturing for Beckman; and denies the remaining averments of paragraph 23.

24.    Denies the averments of paragraph 24.

25.    Admits that it uses HPV cell paste to manufacture its INFORM HPV Probe products, and that it has offered for sale, and sold, those products; and denies the remaining averments of paragraph 25.

26.    Denies the averments of paragraph 26.

27.    Admits that Beckman sold HPV cell paste to Ventana; admits that if, and to the extent, the cell paste it purchased from Beckman contains HPV 35, that cell paste is a product licensed under the '332 patent; and denies the remaining averments of paragraph 27.

28.    Denies the averments of paragraph 28.

29.    Denies the averments of paragraph 29.

30.    Denies the averments of paragraph 30.

31.    Admits the averments of paragraph 31.

32.    Denies the averments of paragraph 32.

33.    Admits that it entered into an Asset Purchase and Sale Agreement ("APA") with Beckman on or about September 23, 2002; and denies the remaining averments of paragraph 33.

34.    Admits that pursuant to the APA, it purchased certain assets from Beckman, including Beckman's rights under the IP/Beckman Agreement; and denies the remaining averments of paragraph 34.

35.    States that the averments characterizing the payment terms of the APA contained in paragraph 35 are incomplete and misleading and on that basis, denies those averments.

36.    Denies the averments of paragraph 36.

37.    Admits that paragraph 37 contains a correct quote from a document produced in this case; and denies the remaining averments of paragraph 37.

38.    Denies the averments of paragraph 38.

39.    Admits that on or about September 23, 2002, it and Beckman entered into a Letter Agreement; states that the averments characterizing the Letter Agreement contained in paragraph 39 are incomplete and misleading and on that basis, denies those averments.

40.    Denies the averments of paragraph 40.

41.    Denies the averments of paragraph 41.

42.    Does not presently answer the averments of paragraph 42, pursuant to Federal Rule of Civil Procedure 12(a)(4).

43.    Does not presently answer the averments of paragraph 43, pursuant to Federal Rule of Civil Procedure 12(a)(4).

44.    Does not presently answer the averments of paragraph 44, pursuant to Federal Rule of Civil Procedure 12(a)(4).

45.    Does not presently answer the averments of paragraph 45, pursuant to Federal Rule of Civil Procedure 12(a)(4).

46.    Does not presently answer the averments of paragraph 46, pursuant to Federal Rule of Civil Procedure 12(a)(4).

47.    Does not presently answer the averments of paragraph 47, pursuant to Federal Rule of Civil Procedure 12(a)(4).

48.    Does not presently answer the averments of paragraph 48, pursuant to Federal Rule of Civil Procedure 12(a)(4).

49.    Does not presently answer the averments of paragraph 49, pursuant to Federal Rule of Civil Procedure 12(a)(4).

50.    Does not presently answer the averments of paragraph 50, pursuant to Federal Rule of Civil Procedure 12(a)(4).

## Count I

51.    In response to the averments of paragraph 51, incorporates by reference paragraphs 1-50 above.

52.    Denies the averments of paragraph 52.

53.    Denies the averments of paragraph 53.

54. Denies the averments of paragraph 54.

55. Denies the averments of paragraph 55.

**Count II**

56. In response to the averments of paragraph 56, incorporates by reference paragraphs 1-55 above.

57. Denies the averments of paragraph 57.

58. Denies the averments of paragraph 58.

59. Denies the averments of paragraph 59.

**Count III**

60. In response to the averments of paragraph 60, incorporates by reference paragraphs 1-59 above.

61. Denies the averments of paragraph 61.

62. Denies the averments of paragraph 62.

63. Denies the averments of paragraph 63.

64. Denies the averments of paragraph 64.

**Count IV**

65. Does not presently answer the averments of paragraph 65, pursuant to Federal Rule of Civil Procedure 12(a)(4).

66. Does not presently answer the averments of paragraph 66, pursuant to Federal Rule of Civil Procedure 12(a)(4).

67. Does not presently answer the averments of paragraph 67, pursuant to Federal Rule of Civil Procedure 12(a)(4).

**Count V**

68.    In response to the averments of paragraph 68, incorporates by reference paragraphs 1-67 above.

69.    Denies the averments of paragraph 69.

70.    Denies the averments of paragraph 70.

71.    Denies the averments of paragraph 71.

**Count VI**

72.    In response to the averments of paragraph 72, incorporates by reference paragraphs 1-71 above.

73.    Admits the averments of paragraph 73.

74.    Admits the averments of paragraph 74.

75.    Denies the averments of paragraph 75.

76.    Denies the averments of paragraph 76.

77.    Denies the averments of paragraph 77.

**Count VII**

78.    In response to the averments of paragraph 78, incorporates by reference paragraphs 1-77 above.

79.    Denies the averments of paragraph 79.

80.    Denies the averments of paragraph 80.

81.    Denies the averments of paragraph 81.

**DEFENSES**

Further answering the Second Amended Complaint, Ventana avers:

82.    The '331 patent is invalid and void for failing to comply with one or more of the requirements of Part II of the Patent Laws, Title 35, U.S.C.

83.    The '332 patent is invalid and void for failing to comply with one or more of the requirements of Part II of the Patent Laws, Title 35, U.S.C.

84.    It has not infringed and is not infringing the '331 patent.

85.    It has not infringed and is not infringing the '332 patent.

86.    It has not induced infringement of the '331 patent.

87.    It has not induced infringement of the '332 patent.

88.    To the extent Ventana is accused of infringing the '332 patent by virtue of its use, for any purpose, of HPV 35 cell paste purchased from Beckman prior to September 23, 2002, such use is immune from a charge of infringement because at the time Beckman sold such cell paste to Ventana, Beckman was sublicensed under the '332 patent to sell HPV 35 cell paste to any third party, including Ventana, pursuant to the IP/Beckman Agreement, as permitted by the Cross-License Agreement.  Plaintiff's claim for infringement is thus barred under the doctrine of patent exhaustion.

89.    To the extent Ventana is accused of infringing the '332 patent by virtue of its use, manufacture, sale or offers to sell any HPV 35 products on or after September 23, 2002, such activity is immune from a charge of infringement because as of that date, Ventana acquired all of Beckman's sublicense rights to the '332 patent under the IP/Beckman Agreement, including the right to make, use or sell any products that contain HPV 35.

90.    Neither Beckman nor Ventana breached the Cross-License Agreement or the IP/Beckman Agreement by entering into the APA and Letter Agreement.

91.    To the extent that there has been any breach of the Cross-License Agreement or the IP/Beckman Agreement, any such breach has been cured.

92.    The acts that form the basis for the allegations of patent infringement were commenced and/or substantial investment was made before June 8, 1995, and therefore, plaintiff is not entitled to any remedies set forth in 35 U.S.C. §§ 283, 284, or 285.

93.    The '332 patent has expired due to the patentee's failure to pay the applicable maintenance fees.

94.    To the extent that the Patent and Trademark Office accepts payment of the unpaid maintenance fees, the claim for infringement of the '332 patent is absolutely barred with respect to any specific things made, purchased, offered for sale, used, or imported prior to the acceptance of any unpaid maintenance fees, pursuant to 35 U.S.C. § 41(c)(2).

95.    To the extent that the Patent and Trademark Office accepts payment of the unpaid maintenance fees, the claim for infringement of the '332 patent is equitably barred with respect to any continued manufacture, use, offer for sale, and sale of Ventana's HPV products, pursuant to 35 U.S.C. § 41(c)(2).

96.    Upon information and belief, the '332 patent is unenforceable due to inequitable conduct in connection with the patentee's false statements to the Patent and Trademark Office.

a.    On January 7, 1997, the patentee submitted a "Submission of Executed Small Entity Status Declaration" to the Patent and Trademark Office, asserting

that the patentee was entitled to small entity status with respect to the '332 patent. This assertion was false.

b.      On January 7, 1997, the patentee submitted a "Verified Statement (Declaration) Claiming Small Entity Status," asserting that the patentee was entitled to small entity status with respect to the '332 patent. This assertion was false.

c.      On January 7, 1997, the patentee submitted a "Verified Statement (Declaration) Claiming Small Entity Status," representing that there were no licensees of the '332 patent. This representation was false.

d.      On January 7, 1997, the patentee submitted a "Verified Statement (Declaration) Claiming Small Entity Status," representing that there were no licensees of the '332 patent that would not qualify as a small entity. This representation was false.

e.      Upon information and belief, on or about January 17, 1997, the patentee paid a maintenance fee for the '332 patent as a small entity, thereby representing to the Patent and Trademark Office that it was entitled to small entity status with respect to the '332 patent. This representation was false.

f.      Upon information and belief, on or about January 17, 1997, the patentee paid a maintenance fee for the '332 patent as a small entity, thereby representing to the Patent and Trademark Office that it had conducted an adequate and proper determination of entitlement to small entity status with respect to the '332 patent. Upon information and belief, this representation was false.

g.      Upon information and belief, on or about January 17, 2001, the patentee paid a maintenance fee for the '332 patent as a small entity, thereby representing

to the Patent and Trademark Office that it was entitled to small entity status with respect to the '332 patent. This representation was false.

h. Upon information and belief, on or about January 17, 2001, the patentee paid a maintenance fee for the '332 patent as a small entity, thereby representing to the Patent and Trademark Office that it had conducted an adequate and proper determination of entitlement to small entity status with respect to the '332 patent. Upon information and belief, this representation was false.

i. Effective June 7, 1991, and at the time of the foregoing assertions and representations, the '332 patent was licensed to Beckman by virtue of the Cross-License Agreement and IP/Beckman Agreement.

j. Beckman is not a small entity and was not a small entity at the time of the foregoing assertions and representations.

k. Effective April 1, 1990, and at the time the patentee submitted the "Verified Statement (Declaration) Claiming Small Entity Status," the '332 patent was licensed to Institute Pasteur by virtue of the Cross-License Agreement.

l. The foregoing false assertions and representations made by the patentee, as set forth in paragraphs 96(a) to 96(h), were material.

m. Upon information and belief, the foregoing false assertions and representations made by the patentee, as set forth in paragraphs 96(a) to 96(h), were made with an intent to deceive or mislead the Patent and Trademark Office.

97. Plaintiff's claims are barred by laches and/or equitable estoppel.

98. Plaintiff's claims are barred by res judicata and/or collateral estoppel.

99.    The disputes and controversies arising out of the Cross-License Agreement are subject to arbitration.

100.    To the extent based on activities in connection with the Manufacturing Agreement, Counts III, IV, V, VI, and VII are barred by the applicable statutes of limitations.

101.    Count IV fails to state a claim upon which relief can be granted.

102.    Count IV is preempted by the laws of the United States.

103.    Ventana's alleged conduct was justified, privileged, and undertaken in good faith.

104.    The representations that plaintiff alleges to be false and misleading include statements of opinion, and thus are not actionable as a matter of law.

105.    The representations complained of are not false.

106.    Plaintiff has not suffered damages as a direct and natural result of Ventana's alleged conduct.

107.    Any injuries and damages sustained by plaintiff, which injuries and damages Ventana denies, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish plaintiff's recovery, if any, against Ventana.

108.    Plaintiff's claims are barred in whole or in part for failure to mitigate alleged damages.

WHEREFORE, Ventana prays for a judgment that:

A.    Dismisses Counts I through VII of the Second Amended Complaint, with prejudice;

B.      Ventana has not infringed the '331 or the '332 patent;

C.      The '331 and '332 patents are invalid;

D.      The '332 patent is unenforceable;

E.      The HPV 35 cell paste purchased by Ventana from Beckman prior to September 23, 2002 was licensed under the '332 patent;

F.      All of Beckman's rights under the IP/Beckman Agreement were transferred to Ventana on September 23, 2002, pursuant to the APA;

G.      Since September 23, 2002, Ventana has been sublicensed under the '332 patent to make, use, sell and offer to sell products that include HPV 35;

H.      Awards Ventana its costs and attorney fees; and

I.      Awards Ventana such other and further relief as the Court may deem proper.


*Richard H. Morse*

Richard H. Morse (I.D. #531)
Monté T. Squire (I.D. #4764)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
100 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6651
rmorse@ycst.com

*Attorneys for Defendant*
*Ventana Medical Systems, Inc.*

Of counsel:

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
Huong T. Nguyen (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300

Dated: August 29, 2006

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on August 29, 2006, a copy of the

foregoing document was caused to be e-filed and served upon the following counsel of record as

follows:

**Via E-Filing and Hand Delivery**

Richard L. Horwitz, Esquire
Potter Anderson & Corroon, LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

**Via E-Filing and Hand Delivery**

Allen M. Terrell, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Richard H. Morse (No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

*Attorney for Defendant*

DB01:2178124.1                                                                    061636.1001