IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DIGENE CORPORATION,                          :
                                             :
                    Plaintiff,               :
                                             :
         v.                                  :    C.A. No. 01-752-MPT
                                             :
VENTANA MEDICAL SYSTEMS, INC.                :
                                             :
and BECKMAN COULTER, INC.,                   :
                                             :
                    Defendants.              :

### MEMORANDUM ORDER

Currently before the court is defendant Ventana Medical Systems, Inc.'s

("Ventana") motion to dismiss Count IV of Digene Corporation's ("Digene") Second

Amended Complaint ("Count IV").[1]  For the reasons discussed below, Ventana's motion

is granted.

## BACKGROUND[2]

On November 19, 2001 Digene filed a complaint against Ventana for willful

infringement of United Sates Patent Nos. 4,849,331 ("the '331 patent") and 4,849,332

("the '332 patent") in conjunction with the development, manufacture, marketing, sales,

and offers for sale of its INFORM® HPV High Risk Probe and in its INFORM® HPV Low

Risk Probe Products.[3]  Digene further alleged that Ventana willfully induced others to

---

[1] D.I. 309.

[2] A detailed recitation of the relationship of the parties and transactions among the parties to this litigation, their predecessors in interest, and other third parties is found in *Digene Corporation v. Ventana Medical Systems, Inc.*, 316 F. Supp. 2d 174 (D. Del. 2004), familiarity with which is assumed by the reader.

[3] D.I. 1, ¶¶ 7,8.

infringe the patents-in-suit.[4] In the initial complaint, Digene sought, among other things, damages for Ventana's past infringement, enhanced damages, and attorneys' fees for Ventana's willful infringement, and an injunction against Ventana's continued infringement.[5] On February 2, 2002, Ventana answered the complaint, denying infringement and raising several defenses, including the affirmative defense that its allegedly infringing activities are licensed under the '332 patent.[6]

On September 23, 2002, Ventana and Beckman Coulter, Inc. ("Beckman") executed an Asset Purchase Agreement (the "2002 APA"), which provided that Ventana would purchase Beckman's entire right, title and interest in certain assets, including rights under a 1991 sublicense between Institut Pasteur ("IP") and Beckman.[7] On October 18, 2002, Digene moved for leave to file an Amended Complaint,[8] which the court granted on December 10, 2002.[9] On December 13, 2002, Digene filed its Amended Complaint, adding Beckman as a defendant and additional claims, including civil conspiracy.[10] On December 27, 2002, Ventana filed a motion to compel arbitration, to the stay proceedings, and to dismiss the conspiracy claim in the Amended Complaint.[11]

On January 28, 2003, Digene moved for leave to file a Second Amended

---

[4] *Id.*, ¶ 9.
[5] *Id.*, ¶ 10.
[6] D.I. 6.
[7] *Digene*, 316 F. Supp. 2d at 182.
[8] D.I. 93.
[9] D.I. 118.
[10] D.I. 119.
[11] D.I. 125. Beckman also filed a motion seeking, among other things, that the court compel Digene to arbitrate its claims against Beckman. *Digene*, 316 F. Supp. 2d at 175; D.I. 128. On March 1, 2004, the court denied several of the parties' motions, without prejudice, including Ventana's motion to dismiss the conspiracy claim of the Amended Complaint. *See* D. I. 260.

2

Complaint ("SAC").[12]  Leave was granted by the court,[13] and the SAC was deemed filed
on March 5, 2003.[14]  Count IV of the SAC asserts a claim for civil conspiracy.[15]

On May 7, 2004, the court ordered Digene and Beckman to arbitration and
stayed this case pending the outcome of that arbitration.[16]  Arbitration took place during
March 2006 and the arbitration panel issued its award on July 27, 2006.[17]  The court
lifted the stay of these proceedings on August 15, 2006[18] and on August 29, 2006,
Ventana filed its motion to dismiss the civil conspiracy claim, Count IV, of the SAC.[19]

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the
truth of all well pleaded factual allegations set forth in the complaint, and must construe
them in the light most favorable to the non-moving party.[20]  "While a court will accept
well-plead allegations as true for the purposes of the motion, it will not accept
unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast
in the form of factual allegation."[21]

Under Delaware law, civil conspiracy requires:  "(1) A confederation or
combination of two or more persons; (2) An unlawful act done in furtherance of the
conspiracy; and (3) Actual damage."[22]  "Civil conspiracy is not an independent cause of

---

[12] D.I. 139.
[13] D.I. 160.
[14] D.I. 174.
[15] *Id.*, ¶¶ 65-67.
[16] *Digene*, 316 F. Supp. 2d at 186.
[17] *See* D.I. 332 at 2.
[18] D.I. 297.
[19] D.I. 309.
[20] *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001).
[21] *In re Cendant Corp. Sec. Litig.*, 190 F.R.D. 331, 334 (D.N.J. 1999) (citing *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977)).
[22] *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del. 1987).

action in Delaware, but requires an underlying wrong which would be actionable absent the conspiracy."[23]

Ventana argues that Count IV must be dismissed. Ventana contends that Digene only pleads two conspiratorial acts as part of the civil conspiracy claim: conspiracy to commit patent infringement; and conspiracy to evade its discovery obligations. Ventana argues that neither of these alleged conspiratorial acts can support Digene's civil conspiracy claim as a matter of law.

First, Ventana argues that conspiracy to commit patent fraud cannot support Digene's civil conspiracy claim because it is preempted by federal patent law and, therefore, fails to state a viable claim. Second, Ventana argues that alleged evasion of discovery obligations under the Federal Rules of Civil Procedure cannot create a private cause of action and, therefore, likewise fails to state a viable claim.

Digene counters that it "pleaded all the requisite elements of a civil conspiracy claim under Delaware law . . . that two actors, Ventana and Beckman, conspired for the unlawful purpose of interfering with Digene's business opportunities, and that Digene was monetarily injured as a result."[24] Digene argues that accepting those allegations as true establishes a civil conspiracy claim under Delaware law. Digene further argues that, "to the extent Digene's civil conspiracy claim is based on underlying

---

[23] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 694 (Del. Super. 1986).

[24] D.I. 332 at 3. Somewhat disingenuously, Digene implies that Ventana's motion to dismiss Count IV of the SAC is an attempted second bite at the apple stating: "Ventana's motion, which is nearly identical to the one it filed–and this Court denied–nearly four years ago, should be denied *again* . . . ." *Id.* (emphasis in original). Ventana responds that "Digene attempts to create the misimpression that the Court already ruled in its favor. Digene tells this court that it should 'again deny' Ventana's 'second attempt' to dismiss Count IV. Digene fails to mention that the Court never reached the merits of Ventana's original motion. Instead, shortly after the trial on arbitrability, the Court administratively denied all eight pending motions (other than the motion to compel arbitration), without addressing their merits and without prejudice." D.I. 338 at 1 (citations omitted) (emphasis in original).

4

allegations of patent infringement, it is not clear that such a claim is preempted by federal law."[25] Digene maintains that "the U.S. Court of Appeals for the Federal Circuit has recognized a claim for civil conspiracy to commit patent infringement."[26] Finally, Digene contends that Ventana misreads its civil conspiracy count as an attempt to sanction Ventana for discovery abuses. Digene avers that its allegations that Ventana improperly concealed various information "bolsters its conspiracy claim in that it is further evidence of the conspiracy between Ventana and Beckman to hide information regarding the fraudulent Ventana/Beckman transaction from Digene and deprive or at least delay Digene's ability to challenge that transaction, thereby interfering with Digene's business opportunities."[27]

In its entirety, Count IV of the SAC recites:

65.   The foregoing allegations of this amended complaint are incorporated by reference.

66.   Ventana and Beckman have combined and conspired for an unlawful purpose, *i.e.*, *patent infringement and inducement to infringe* the '332 and '331 patents and to *evade their discovery obligations*, with the intent to injure Digene.

67.   As a direct and proximate result of the civil conspiracy, Digene has been injured by Ventana and Beckman in an amount to be proven at trial.[28]

Digene argues that the SAC "identifies some specific grievances in its civil conspiracy count, but it also specifically incorporates [in paragraph 65] the allegations that it pleaded earlier in the Second Amended Complaint. Namely, that Beckman and

---

[25] D.I. 332 at 3.

[26] *Id.* (citing *Rotating Prods. Sys., Inc. v. Bock Specialties*, 42 Fed. Appx. 460, 2002 U.S. App. LEXIS 14995 (Fed. Cir. 2002)).

[27] *Id.* at 3.

[28] D.I. 174, ¶¶ 65-67 (emphasis added).

Ventana tortiously interfered with Digene's business opportunities in conjunction with the '332 and '331 patents."[29]  Digene cites *Mopex, Inc. v. Chicago Stock Exchange, Inc.*[30] where the court denied a motion to dismiss a civil conspiracy claim based on the claim of tortious interference with business expectancy, as support for this argument.

In *Mopex*, plaintiffs' complaint included one count alleging patent infringement and three counts alleging civil conspiracy to commit patent infringement.  That complaint also included separate counts alleging tortious interference with business expectancy, as well as, civil conspiracy to commit tortious interference.[31]  Defendants moved to dismiss the tortious interference claim and each of the civil conspiracy claims, but *only* argued preemption with regard to the counts alleging civil conspiracy to commit patent infringement.[32]  After extensive analysis of federal law preemption of state law,[33] the court determined that plaintiffs' Illinois civil conspiracy claims based upon patent infringement liability were preempted by conflict with the patent laws.[34]  The *Mopex* court held that plaintiffs sufficiently pled their claims of tortious interference and civil conspiracy to commit tortious interference to survive a motion to dismiss those counts.[35]

---

[29] D.I. 332 at 5 (citation omitted).

[30] No. 01 C 302, 2003 WL 715652 (N.D. Ill. Feb. 27, 2003).

[31] *Id.* at *1.

[32] *See id.*, at *2 ("Defendants urge dismissal of these claims because a state law claim of civil conspiracy to commit patent infringement . . . is preempted by the federal patent laws."); *id.* at 7 (Defendant against whom the tortious interference claim was alleged argued that plaintiffs "fail[ed] to allege an act of direct interference towards any of the six third parties named in its Second Amended Complaint."); *id.* at 8 (Defendants argued that the civil conspiracy to commit tortious interference "must be dismissed because one of the underlying elements of the claim is Count V, tortious interference, and that count did not properly plead tortious conduct.").

[33] *Id.* at *2-*7.

[34] *Id.* at *7.  The elements of civil conspiracy under Illinois law is similar to civil conspiracy under Delaware law.  "Under Illinois law, a civil conspiracy must include (1) an agreement by two or more parties to do an unlawful purpose; and (2) at least one tortious act by one of the parties in furtherance of that agreement."  *Id.* at *3.

[35] *Id.* at *7-*9.

6

Here, Digene's SAC has a separate count alleging tortious interference with business relations, which Ventana has not moved to dismiss. Unlike the *Mopex* plaintiffs, however, Digene has not included a separate count alleging civil conspiracy to commit tortious interference with Digene's business relations. Count IV specifically recites patent infringement and evasion of discovery obligations as bases for its civil conspiracy allegations.[36]

With regard to conspiracy to infringe a patent, Digene contends that the Federal Circuit "has indeed recognized a claim for civil conspiracy for patent infringement."[37] The case cited in support of this contention is *Rotating Productions Systems v. Bock Specialties, Inc.*,[38] a nonprecedential opinion. There, the Federal Circuit did not address preemption of a state law claim by federal law. The court merely disagreed with the contention that there was no evidence supporting a jury finding of conspiracy to commit several commercial torts, including patent infringement.[39] Ventana points to a different nonprecedential Federal Circuit opinion where, after reversing a finding of infringement the court noted, that "Title 35 neither expressly nor implicitly authorizes

---

[36] The court notes that Digene's attempt to bootstrap its allegations concerning tortious interference with business relations into Count IV for civil conspiracy appears similar to a "shotgun" complaint criticized by the U.S. Court of Appeals for the Eleventh Circuit. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous."); *id.* at 1295 n.9 ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)) (alteration in original).

[37] D.I. 332 at 6.

[38] 42 Fed. Appx. 460, No. 01-1581, 2002 WL 1560776 (Fed. Cir. July 16, 2002).

[39] *Rotating Productions*, 2002 WL 1560776, at *2.

additional and duplicative damages for conspiracy to infringe a patent."[40] Following the precedent and rules of the Federal Circuit, however, the court will not rely on those cases in making its determination.[41]

Other cases cited by Digene do not address the issue of federal law preemption of a state law civil conspiracy claim based on patent infringement. In *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, the court was addressing a foreign corporation's motion to dismiss for lack of personal jurisdiction: it did not consider whether a claim for conspiracy to infringe a patent was preempted.[42] In *Shure Brothers, Inc. v. Korvettes, Inc.*,[43] the district court considered one defendant's motion to dismiss a conspiracy to infringe certain patents. There, the basis of the defendant's motion was not preemption but that "there [was] no basis in fact for the allegation of conspiracy."[44]

In *Kinetic Concepts, Inc. v. Bluesky Medical Corporation*, the district court *was* confronted with a preemption argument, however, the extent of that court's analysis is as follows:

> Defendants also alleged that Plaintiffs' conspiracy claim is preempted by federal patent infringement law. Defendants have not cited any cases that are binding on this Court. The Federal Circuit has not conclusively decided the issue and federal district courts are not consistent. Therefore, the preemption claim is not dispositive of the conspiracy

---

[40] *Ernster v. Ralston Purina Co.*, Nos. 91-1270, 91-1271 and 91-1281, 1992 WL 279268, at *6 (Fed. Cir. Oct. 13, 1992).

[41] *See Symbol Technologies, Inc. v. Lemelson Medical*, 277 F.3d 1361, 1367-68 (Fed. Cir. 2002) (explaining the Federal Circuit's refusal to consider its nonprecedential opinions cited by defendant); CTAF Rule 47.6(b) ("An opinion or order which is designated as not to be cited as precedent is one determined by the panel issuing it as not adding significantly to the body of law. Any opinion or order so designated *must not be employed or cited as precedent*. This rule does not preclude assertion of claim preclusion, issue preclusion, judicial estoppel, law of the case, or the like based on a decision of the court designated as nonprecedential.") (emphasis added).

[42] 863 F. Supp. 186, 189 (D. Del. 1993).

[43] 198 U.S.P.Q. 283, No. 77 C 1609, 1978 WL 21429 (N.D. Ill. Mar. 16, 1978).

[44] *Id.* at 288.

claim.[45]

The only published Federal Circuit case cited to this court, by Ventana, is *International Rectifier Corp. v. Samsung Electronics Co., LTD.*[46] There, the Federal Circuit stated "[t]he district court's 'subversion by agreement' theory is tantamount to conspiracy to infringe a patent, *a theory which has no basis in law.*"[47] Although the Federal Circuit was not deciding the issue of federal law preemption of a state law civil conspiracy to infringe a patent claim, in making that comment, it cited the district court's statement in *Cognitronics Imaging Systems, Inc. v. Recognition Research Inc.*[48] that "there is no statute in the federal laws concerning patents which gives rise to a cause of action for 'conspiracy.'"[49] Although the statement from *Cognitronics* is *dicta*, the court finds it significant that the Federal Circuit chose to quote that *dicta* in *International Rectifier.*[50]

Federal patent law preemption of state causes of action was addressed by the Federal Circuit in *Rodime PLC v. Seagate Tech., Inc.*[51] There, the Federal Circuit vacated a grant of summary judgment that defendant was not liable for tortious interference with prospective economic advantage or for unfair competition. The trial

---

[45] No. SA-03-CA-0832-RF, 2005 U.S. Dist. LEXIS, at *10 (W.D. Tex. Nov. 1, 2005) (footnote omitted). Defendants in *Kinetic Concepts* apparently did not cite *Mopex* to the Texas court. *See id*, at *10 n.19 (citing cases).

[46] 361 F.3d 1355 (Fed. Cir. 2004).

[47] *Id.* at 1361 (emphasis added).

[48] 83 F. Supp. 2d 689 (E.D. Va. 2000).

[49] *International Rectifier*, 361 F.3d at 1361 (quoting *Cognitronics*, 83 F. Supp. 2d at 699 n.15) (internal quotations omitted).

[50] The *Cognitronics* court also stated that "[w]ithout deciding Captiva's outstanding motion to dismiss palintiff's state law conspiracy claims, there is a strong body of case law which would suggest that Captiva's state law conspiracy claims would be preempted by federal law." *Cognitronics*, 83 F. Supp. 2d at 699.

[51] 174 F.3d 1294 (Fed. Cir. 1999)

9

court held that plaintiff had not alleged sufficient facts to support those claims and, even if sufficient facts had been alleged, the patent laws preempted those claims.[52]   The Federal Circuit stated that "[t]he patent laws will not preempt such claims if they include additional elements not found in the federal patent law cause of action and if they are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law."[53]   The Federal Circuit determined that plaintiff's tortious interference and unfair competition claims included additional elements to those for a patent law cause of action of inducement to infringe and vacated the trial court's grant of defendant's motion for summary judgment on those claims.[54]

Unlike the state law claims for tortious interference and unfair competition addressed in *Rodime* (which, respectively, included the requirement of proof that the acts alleged were "wrongful" and proof that "the alleged infringer's business practice is immoral, oppressive, or the like"),[55] a claim for civil conspiracy under Delaware law does not require such additional proof.

There are district court decisions indicating that a claim for conspiracy to infringe is unsustainable. In *Rainville Company, Inc. v. Consupak, Inc.*, the court found that a particular claim alleged "contributory infringement and that the reference to a conspiracy has little legal significance. Evidence of conspiracy might be relevant to the issue of punitive damages for willful, malicious action in a civil action, but would not be a separate ground for recovery."[56]   In *ENM Company v. Transformer Manufacturers,*

---

[52] *Id.* at 1306.
[53] *Id.*
[54] *Id.* at 1306-7.
[55] *Id.* at 1306.
[56] 407 F. Supp. 221, 223 (D.N.J. 1976).

10

*Inc.*, plaintiff alleged patent infringement, as well as, conspiracy to offer purportedly infringing products for sale in the United States.[57] The court stated "there is no statute in the Federal laws concerning patents which give rise to a cause of action for 'conspiracy'" and dismissed the conspiracy count.[58] Likewise, in *Celotex Corporation v. V.E. Power Door Corp.*, the court stated that "[p]laintiff cites no statute creating a cause of action for conspiracy to infringe a patent, nor does plaintiff cite any authority to counter *Rainville*," which determined evidence of conspiracy would not constitute a separate ground for recovery.[59] Consequently, the *Celotex* court stated, "[l]acking any statutory support, the count of the complaint alleging conspiracy to infringe plaintiff's patent must be dismissed for failure to state a claim."[60]

Other than *Mopex*, the court has not been cited any case which articulated an analysis of whether a state law civil conspiracy to infringe a patent claim is preempted by the federal patent laws. The court agrees with the analysis in *Mopex*[61] and finds that Count IV of the SAC alleging civil conspiracy, under Delaware law, to infringe Digene's asserted patents is preempted by conflict with the federal patent laws.

Digene alleges that "66. Ventana and Beckman have combined and conspired for an unlawful purpose, *i.e.*, patent infringement and inducement to infringe the '332 and '331 patents . . . with the intent to injure Digene. 67. As a direct and proximate result of the civil conspiracy, Digene has been injured by Ventana and Beckman in an

---

[57] 195 U.S.P.Q. 144, 144, No. 76 C 3348, 1977 WL 22711 (N.D. Ill. Feb. 3, 1977).
[58] *Id.*
[59] 204 U.S.P.Q. 636, 637, No. 77 C 532, 1979 WL 25068 (E.D.N.Y. July 11, 1979).
[60] *Id.*
[61] *See Mopex*, 2003 WL 715652, at *5-*7.

11

amount to be proven at trial."[62]  Digene's conspiracy to infringe claim in this count is

duplicative of its patent law claims, in that it would allow recovery of damages for each

of those claims.

> If Congress had intended for patent owners to receive twice the amount of
> infringement damages sustained, it would have stated so.  [Digene] also
> cannot use the possible existence of a conspiracy as a reason for extra
> damages, because the federal patent laws already provide extra damages
> for willful infringement under 35 U.S.C. § 284.[63]

Because Digene's conspiracy to infringe claim does not "include additional

elements not found in [Digene's] federal patent law cause[s] of action"[64] (and Digene

has raised no such argument),[65] the court determines that claim is preempted by

federal patent law.

Count IV of the SAC also alleges that Ventana and Beckman conspired for the

unlawful purpose "to evade their discovery obligations."[66]  The body of the SAC includes

the allegations that: "Beckman and Ventana . . . conspired to further frustrate discovery

of the fraudulent transaction at least until such time as the transaction could be

completed";[67] "Digene concluded that Ventana had not produced responsive documents

. . . Digene . . . wrote to Ventana pointing out the most glaring deficiencies in Ventana's

---

[62] D.I. 174, ¶¶ 66-67.

[63] *Mopex*, 2003 WL 715652, at *5.

[64] *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999).

[65] In its reply brief, Ventana pointed out that *Mopex*, cited by Digene in its answering brief, determined that a conspiracy to infringe claim must be preempted "'because it is symmetrical with infringement and alleges nothing in addition to that required by the patent laws.'" D.I. 338 (quoting *Mopex*, 2003 WL 715652, at *5).  At oral argument on this, and other pending motions, the parties stated that they were content to submit this matter on the papers.  *See* D.I. 414 at 104-05.  Even after Ventana made a short presentation of the arguments contained in its briefs, Digene reiterated that it was prepared to stand on its papers.  *Id.* at 109.

[66] D.I. 174, ¶ 66.

[67] *Id.*, ¶ 43.

production";[68] "Digene again approached Ventana regarding its glaring discovery deficiencies";[69] "depositions made it crystal clear that Ventana had responsive documents . . . which Ventana had simply not produced";[70] "Ventana's and its counsel's concerted efforts to obstruct discovery are in violation of the Federal Rules of  Civil Procedure and have been a proximate cause of harm to Digene";[71] and "Both Ventana and Beckman failed to timely produce to Digene responsive documents . . . despite document requests and subpoenas."[72]

Ventana contends this does not state a cognizable claim as "it is well-settled law that an alleged violation of the Federal Rules of Civil Procedure cannot create a private cause of action."[73]  Ventana points out that the Rules Enabling Act, 28 U.S.C. § 2072(b), specifically states that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right" and that "[c]ourts have uniformly interpreted this language to mean that a failure to comply with the Federal Rules cannot create a private right of action."[74]

Digene argues that its civil conspiracy claim "does not arise from any perceived private right of action under the Federal Rules" but rather its claim is "that Ventana's efforts to conceal information regarding the illegal Ventana/Beckman transaction from Digene and deprive or at least delay Digene's ability to challenge that transaction, was

---

[68] *Id.*, ¶ 44.
[69] *Id.*, ¶ 45.
[70] *Id.*, ¶ 47.
[71] *Id.*, ¶ 48.
[72] *Id.*, ¶ 49.
[73] D.I. 310 at 4.
[74] *Id.* at 4; *see also id.* at 4 n.1 & 5 (citing cases).

a further part of its conspiracy to interfere with Digene's business opportunities."[75]

The court agrees with Ventana that "Digene has not identified anything other than discovery obligations under the Federal Rules of Civil Procedure"[76] as the basis for its claim of conspiracy "to evade . . . discovery obligations."[77]  Because the Federal Rules of Civil Procedure do not create a private cause of action, Digene's claim of civil conspiracy to evade discovery obligations necessarily fails.

**CONCLUSION**

For the reasons stated above:

It is ORDERED AND ADJUDGED that Ventana's motion to dismiss Count IV of Digene's Second Amended Complaint (D.I. 309) is granted.

March 6, 2007
Wilmington, Delaware

UNITED STATES MAGISTRATE JUDGE

---

[75] D.I. 332 at 7.
[76] D.I. 338 at 6.
[77] D.I. 174, ¶ 66.

14